UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DIANE C. MEYER GUILLOT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6624** |
| **CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION** | **SECTION "H" (3)** |

## REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Dismiss. [Doc. #8]. Plaintiff has filed no opposition to the motion. For the following reasons, the Court recommends that the motion be granted.

**I.     Procedural Background**

Plaintiff Diane C. Meyer Guillot seeks judicial review of the denial of her claim for disability insurance benefits under Title II of the Social Security Act ("SSA"). The Declaration of the Office of Disability Adjudication and Review, Social Security Administration, attached to defendant's memorandum in support, sets forth the procedural history in this matter. [Doc. #8-2]. Plaintiff filed an application for Title II disabled widow's insurance benefits on November 15, 2013, which application was denied at the initial level on November 25, 2013. [*Id.* at p. 2]. That is the entire procedural posture underlying this lawsuit.

**II.      Law and Analysis**

Before a claimant may request judicial review of the denial of a claim under the SSA, that claimant must first exhaust all available administrative remedies. *See* 42 U.S.C. § 405(g). Congress has explicitly stated that, in claims arising under the SSA, judicial review is permitted only in accordance with Section 405(g). *See* 42 U.S.C. § 405(g)-(h). It is well-settled law that, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

When the right to sue is a creature of statute, and the statute provides a special remedy, that remedy is exclusive. *See United States v. Babcock*, 250 U.S. 328, 331 (1919). Congress has authorized judicial review *only* of a "final decision" of the Commissioner of Social Security made after a hearing. 42 U.S.C. § 405(g). "This provision clearly limits judicial review to a particular type of agency action." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). The term "final decision" is undefined in the Act, and "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975).

The regulations provide that a claimant must complete a four-step administrative review process to obtain a judicially-reviewable final decision. 20 C.F.R. § 404.900(a); *Villia v. Astrue*, Civ. A. No. 09-6464, 2010 WL 2360584, at *1 (E.D. La. May 19, 2010). If the claimant is dissatisfied with the initial denial, the claimant may request review by an administrative law judge ("ALJ"). If the claimant is then dissatisfied with the ALJ's hearing decision, the claimant may request that the Appeals Council review the ALJ's decision. *Id.* § 404.967. The Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner. *Id.* § 404.981. The Appeals Council may also grant the request for review and issue its own decision.

*Id.* In either event, the claimant may then seek judicial review of the Commissioner's final decision by filing an action in federal district court within sixty days after receiving notice of the Appeals Council's action. *Id.*

Plaintiff failed to exhaust her administrative remedies before filing here. The Commissioner only denied plaintiff's claim at the initial level. She did not seek review within the agency to an ALJ or to the Appeals Council. There has been no hearing or the denial of one. Thus, plaintiff did not obtain a "final decision" of the Commissioner before filing in this Court, and her complaint must be dismissed without prejudice for failure to exhaust administrative remedies. *See Heckler v. Ringer*, 466 U.S. 602, 618-19 (1984) (finding dismissal appropriate when plaintiff failed to exhaust administrative remedies).

### III.    Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss [Doc. #8] be GRANTED.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 4th day of June, 2014.

_____
 **DANIEL E. KNOWLES, III**
 **UNITED STATES MAGISTRATE JUDGE**